Louis Pechman (Bar No. 035931983)
Vivianna Morales (Bar No. 070652013)
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
(212)583-9500
*Attorneys for Plaintiff*

Anthony M. Rainone, Esq. (Bar No. 24132003)
Lucas A. Markowitz, Esq. (Bar No. 023802011)
Brach Eichler LLC
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONALD ROMAN,<br><br>Plaintiff,<br><br>vs.<br><br>XYZ CORPORATION d/b/a NOCHES RESTAURANT AND COLOMBIAN BAKERY, CARLOS ARIAS and LEON VELEZ,<br><br>Defendants. | Civil Action No.: |

**COMPLAINT**

Plaintiff Ronald Roman ("Plaintiff" or "Roman"), by his attorneys, Pechman Law Group PLLC and Brach Eichler, LLC, complaining of Defendants XYZ Corporation d/b/a Noches Restaurant and Colombian Bakery, Carlos Arias, and Leon Velez (collectively, "Defendants") alleges:

## NATURE OF THE COMPLAINT

1. This action is brought to recover unpaid overtime pay and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. and N.J.A.C. 12:56 et seq. ("NJWHL").

2. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for unpaid overtime pay, liquidated damages, compensatory damages, interest, and attorneys' fees and costs pursuant to the FLSA and the NJWHL.

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the District of New Jersey under 28 U.S.C. §1391, as Noches is located in the District of New Jersey.

## THE PARTIES

5. Roland Roman resides in Hudson County, New Jersey. He worked as a cook at Noches Restaurant and Colombian Bakery ("Noches") from approximately April 2013 until approximately September 2014.

6. At all relevant times, Plaintiff had an employment relationship with, and was an employee of, Defendants within the meaning of the FLSA, 29 U.S.C. §203(e)(1), (g), the NJWHL, and N.J.S.A. 34:11-56a1(f), (g) and (h).

7. At all times relevant to this action, Plaintiff was engaged in commerce or in the production of goods for commerce on behalf of Defendants.

8. Defendant XYZ Corporation is a New Jersey corporation that owns and operates Noches Restaurant and Colombian Bakery, located at 4907 Bergenline Ave., West New York, New Jersey 07093.

9. Defendant XYZ Corporation is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

10. Defendant Carlos Arias ("Arias") is an owner of Noches.

11. Arias exercises sufficient control over Noches' operations to be considered Plaintiff's employer under the FLSA and NJWHL.

12. Arias possesses authority over personnel decisions at Noches, including the power to discipline, hire and fire employees, set employees' wages, maintain employment records, and otherwise control the terms and conditions of employment at the restaurant.

13. Arias worked on the premises supervising employees' work, and hired employees, including Roman's wife, Lizandra Rodriguez.

14. Defendant Leon Velez ("Velez") is an owner of Noches.

15. Velez exercises sufficient control over Noches' operations to be considered Plaintiff's employer under the FLSA and NJWHL.

16. Velez possesses authority over personnel decisions at Noches, including the power to discipline, hire and fire employees, set employees' wages, maintain employment records, and otherwise control the terms and conditions of employment at the restaurant.

17. Velez worked on the premises supervising employees' work, hired Roman, and gave him a promotion.

## FACTUAL ALLEGATIONS

18. Throughout his employment, Plaintiff worked six days a week from approximately 3:00 p.m. until 12:00 a.m., for about fifty-four hours a week.

19. From the start of his employment in April 2013 until approximately October 2013, Defendants paid Plaintiff a fixed weekly rate of $440 per week, regardless of the number of hours he actually worked.

20. From October 2013 until approximately April 2014, Defendants paid Plaintiff a weekly rate of $480 per week, regardless of the number of hours he worked.

21. From approximately April 2014 until the end of his employment, Defendants paid Plaintiff a weekly rate of $560 per week, regardless of the number of hours he actually worked.

22. The exact accounting of such wage theft can only be determined for Plaintiff upon completion of discovery.

## COUNT ONE
### (Fair Labor Standards Act – Unpaid Overtime)

23. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

24. The FLSA and NJWHL require that employers pay all employees one and one-half their regular rate of pay for all hours in excess of forty during any workweek, unless they are exempt from coverage.

25. Plaintiff regularly worked over forty hours in a workweek.

26. Plaintiff was not compensated one and one half times his regular hourly rate for hours worked in excess of forty per workweek.

27. Defendants are required to pay Plaintiff one and one-half (1½) times the regular rate of pay for all hours he worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

28. Defendants have failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

29. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

30. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## COUNT TWO
(New Jersey Wage and Hour Law – Unpaid Overtime)

31. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

32. Under the NJWHL and supporting New Jersey State Department of Labor Regulations, Defendants were required to pay Plaintiff one and one (1½) half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek.

33. Defendants have failed to pay Plaintiff the overtime wages to which he was entitled under the NJWHL.

34. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff overtime wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff declaring that Defendants violated the Fair Labor Standards Act and the New Jersey State Wage and Hour Law;

a) declaring that Defendants have violated the overtime pay provisions of the FLSA and the NJWHL;

b) declaring that Defendants' violations of the FLSA and the NJWHL were willful;

c) awarding Plaintiff liquidated damages equal to the total amount of the wages found to be due, pursuant to the FLSA;

d) awarding Plaintiff liquidated damages in equal to the total amount of the wages found to be due, pursuant to the NJWHL;

e) awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and the NJWHL;

f) awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NJWHL; and

g) awarding such other and further relief as the Court deems just and proper.

By: _____
Louis Pechman
Vivianna Morales
Pechman Law Group LLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
pechman@pechmanlaw.com
morales@pechmanlaw.com
*Attorneys for Plaintiff*

Dated: February 13, 2017

By: /s/

Anthony M. Rainone, Esq
Lucas A. Markowitz, Esq.
Brach Eichler LLC
101 Eisenhower Parkway
Roseland, New Jersey 07068
arainone@bracheichler.com
lmarkowitz@bracheichler.com
*Attorneys for Plaintiff*

Dated: February 13, 2017

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or the subject of any pending arbitration or administrative proceeding.

By: /s/
Louis Pechman
Vivianna Morales
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
pechman@pechmanlaw.com
morales@pechmanlaw.com
*Attorneys for Plaintiff*

Dated: February 13, 2017

By: /s/
Anthony M. Rainone, Esq
Lucas A. Markowitz, Esq.
Brach Eichler LLC
101 Eisenhower Parkway
Roseland, New Jersey 07068
arainone@bracheichler.com
lmarkowitz@bracheichler.com
*Attorneys for Plaintiff*

Dated: February 13, 2017